HITCHCOCK, J.
The 109th section of the practice act, 29 O. L. 78, 242, exempts executors and administrators who have given bond in this state from giving bond on appeal, and provides that the clerk of the Common Pleas, if not otherwise directed, shall make out the transcript and transmit it with the papers to the clerk of the Supreme Court: and the 112th section of the practice act requires that the papers, in case of appeal, shall be delivered to the clerk on or before the first day of the next term of the Supreme Court. No other act is necessary to perfect such appeal, than to give the notice, and file the papers in the Supreme Court. ' The motion is overruled.
An award of arbitration returned in this case had found a considerable balance due to the defendant from the plaintiff’s testator. The notice of set-off filed with the general issue did not contain the usual clause that the defendant would claim a judgment in his favor for the balance, &c., and
WRIGHT, J. The usual practice is to close the notice of set-off with a claim for judgment for the balance. The first section of the act concerning set-offs and tenders, 29 O. L. 121, requires the defendant to give notice of such debt, &c., as he may be desirous to have set off and allowed to him in such action, and provides that the court shall render judgment for the party, whether plaintiff or defendant, in whose favor the balance may be found, for the amount of such balance and costs. The notice must be of the claim intend-' ed to be proved — the effect of finding the balance is with the court, and the judgment is the legal consequence of the finding. In a declaration the plaintiff does not, in terms, claim a judgment, yet he may obtain one as a legal result. The practice relied upon, though convenient, is not essential.
* WRIGHT, J. The law allows interest on all balances due [159 on settlement; 29 O. L. 451. Here is a balance found due. If it were the verdict of a jury, and judgment had been delayed, we should allow interest if asked, although we know no practice of the kind in this state. We see no objection to interest here.
As to costs, the time allowed the executor for settlement had *160 expired when the suit was brought, and the law, 29 O. L. 237, only-exempts executors from costs when suit is brought before the time allowed for settlement has expired. If the time allowed has expired, and the account has been presented ten days before suit, and rejected, the plaintiff recovers costs, if the judgment be for the sum demanded or more.
Judgment for amount of the award with interest and costs, de bonis testatoris.